Elizabeth T. Van Horn (SBN 212592)
Assistant General Counsel
Adir International, LLC dba Curacao
1605 W. Olympic Blvd., Suite 510
Los Angeles, CA  90015
213-427-2624
elizabeth@icuracao.com
Attorney for Defendant
Adir International, LLC dba Curacao

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNI JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADIR INTERNATIONAL, LLC d/b/a CURACAO,<br><br>　　　　Defendant. | Case No.: 2:20-cv-10312-AB-AGR<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>*NOTE CHANGES MADE BY THE COURT* |

　　　WHEREAS, certain documents and information subject to disclosure or produced during discovery in this litigation should be kept confidential to protect the legitimate business and privacy interests of the parties, their officers, agents and employees, and other persons,

　　　AND WHEREAS, the parties have agreed on the means of handling such documents,

　　　IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel, that this Court enter a Protective Order, pursuant to Fed. R. Civ. P. 26(c), to govern documents and information produced in discovery in this litigation, as follows:

1. <u>Nondisclosure of Stamped Confidential Documents</u>

Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no "stamped confidential document" (as defined in the following paragraph) may be disclosed to any person.

A "stamped confidential document" means any document designated in good faith as containing either (i) financial, trade, or personal or proprietary information which is not generally available to the public or third persons, or (ii) privileged communications disclosed under the limited waiver of the attorney-client privilege set forth in Paragraph 2 of this Order, and bearing the legend (or otherwise having had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL - Subject to Protective Order in Civil Action No. 2:20-cv-10312-AB-AGR (C.D. Cal.)" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). On a multi-page document, the designation need appear on the first page of the document only.

For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Whenever testimony or portions of testimony are designated as "confidential," the court reporter shall be advised and, upon request of the designated party or its counsel, shall separately transcribe that testimony so

designated and shall mark the face of the transcript "Confidential - Subject to Protective Order."

2. <u>Unrestricted Information and Documents</u>

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information. Nor shall this Order be construed to prevent any party or its counsel or experts from making use as they see fit of documents or information which were lawfully available to the public or lawfully in the possession of the party, counsel or expert prior to another party's providing them (and which the party otherwise may lawfully disclose), or which properly came into possession of the party, counsel or expert independent of any work on this litigation.

3. <u>Permissible Disclosures</u>

Notwithstanding paragraph 1, stamped confidential documents may be disclosed to outside counsel for the parties who are actively engaged in the conduct of this litigation; to the partners, of counsel attorneys, and employees of such counsel to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). For the purposes of this Order, the term "this litigation" means Civil Action No. 2:20-cv-10312-AB-AGR. Such documents may also be disclosed

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in this litigation; to parties,

employees and former employees of parties solely for the purpose of assisting counsel in this litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed an agreement substantially similar in form to Exhibit A hereto.

  4. <u>Inconsistent Designations</u>

  In the event a party produces two or more identical or substantially identical copies of a document and any such copy or substantially identical copy is designated with a lesser degree of confidentiality than any other copy, all such identical or substantially identical copies shall be treated in accordance with the most restrictive designation on any copy or substantially identical copy once the inconsistent designation is known.  The producing party shall be responsible for informing the party receiving the inconsistently-designated information of the inconsistent designation; however, if the party receiving the inconsistently designated information has knowledge of the inconsistent designation, it shall so inform the producing party and shall treat all copies or substantially identical copies in accordance with the most confidential designation.

  5. <u>Declassification</u>

  Any receiving party may at any time request in a writing, personally served or sent by telecopier to the designating party or person's counsel, that the designating party or person cancel a "confidential" designation.  The request shall particularly identify the information or documents the receiving party contends should not be designated "confidential."  The designating party or person shall

respond by a writing, personally served or sent by telecopier to the receiving party's counsel, within five (5) business days of receipt of the request.

A party may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

6. <u>Confidential Information in Depositions</u>

(a) A deponent may during a deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 4(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the agreement prescribed in paragraph 4(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 15 days after certification of a deposition transcript, designate pages and/or lines of the transcript (and exhibits thereto furnished by them) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential - Subject to Protection Pursuant to Court Order," and advising counsel for all parties, the court reporter, and the deponent, by telecopier (or by mail, if the party or person making the designation has no telecopier), of such designation. Until expiration of the 15-day period, the entire deposition will be

treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7. Confidential Information at Trial

*Any use of Confidential Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial*. ~~Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Identification of any such document in a Local Rule 9.4.4 exchange of exhibits shall constitute such notice as to trial exhibits so identified. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial. The five-day advance notice requirement shall not apply to stamped confidential documents or other confidential information to be used at trial solely for rebuttal or impeachment purposes. In such instances, the proponent of the evidence shall make a good-faith effort to provide advance notice that is reasonable under the circumstances.~~

8. Subpoena by Other Courts or Agencies

If another court, an administrative agency, legislative body or other person or entity purporting to have authority to compel the production of information subpoenas or orders production of stamped confidential documents that a party has

obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the existence of such subpoena or order. Such notification shall include a copy of the subpoena or order. The recipient of the subpoena or order will not disclose confidential information or stamped confidential documents unless and until required by statute, court rule, *the subpoena* or the order.

9. Filing

Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 56 or other matters pending before the Court. *If filed, they shall be filed with an application to file under seal pursuant to Local Rule 79-5*. ~~If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.~~

10. Client Consultation

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents.

11. Use

Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation or trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, except for communications with governmental agencies which either are investigating allegedly unlawful conduct by, or have brought criminal charges against, any party to this action.

12. Non-Termination

The provisions of this Order shall not terminate at the conclusion of this

litigation. Within 120 days after final conclusion of all aspects of this litigation, including the exhaustion of any appeals or the consummation of any settlement, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer, destroyed. ~~The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.~~

13. <u>Modification Permitted</u>

Nothing in this Order shall prevent any party or other person from seeking the Court's approval of a modification of this Order to permit disclosure of stamped confidential documents to public officials for law enforcement purposes, to seek additional protection pursuant to Fed. R. Civ. P. 26, or for any other reason.

14. <u>Responsibility of Attorneys</u>

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

15. <u>No Waiver</u>

(a) Review of stamped confidential documents and information therein by counsel, experts, or consultants for the parties in this litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Nor shall the inadvertent production of any privileged or otherwise protected information be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work product materials or the subject thereof, or of the confidential nature of any such

information. Upon receiving notice from the producing party that privileged information or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within five (5) business days of receipt of such notice. The portions of any analyses, memoranda or notes which were internally generated based upon such information shall be destroyed, except to the extent that they are within a hard-drive, from which such information shall be deleted. Upon receiving notice from the producing party that confidential information has not been appropriately so designated, all such information shall be redesignated and treated appropriately. The party receiving such undesignated confidential information shall make a reasonable good faith effort to ensure that any analyses, memoranda or notes that were internally generated based upon such information shall immediately be treated in conformance with any such redesignation.

(c) Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of the stamped confidential documents and information sought or preclude any party from objecting to discovery that it believes to be otherwise improper.

(d) Nothing contained in this Order or any declaration of confidentiality hereunder shall be used or characterized by any party as an "admission" by a party opponent.

16. <u>Effective Date</u>

The parties agree to be bound by the terms of this Order, pending approval of the Order by the Court, effective as of the 29th day of March, 2021.

Dated: March 30, 2021      By: /s/ *G. Thomas Martin, III*
                                                    G. Thomas Martin, III (SBN 218456)
                                                    Nicholas J. Bontrager (SBN 252114)

| | |
|---|---|
| | Martin & Bontrager APC |
| | 4605 Lankershim Blvd., Suite 535 |
| | Toluca Lake, CA 91602 |
| | (323)940-1700 |
| | Tom@mblawapc.com |
| | Nick@mblawapc.com |
| | Attorneys for Plaintiff |
| | Tawni Jones |
| Dated: March 30, 2021 | By: /s/ *Elizabeth T. Van Horn* |
| | Elizabeth T. Van Horn (SBN 212592) |
| | Assistant General Counsel |
| | Adir International, LLC dba Curacao |
| | 1605 W. Olympic Blvd., Suite 510 |
| | Los Angeles, CA  90015 |
| | 213-427-2624 |
| | elizabeth@icuracao.com |
| | |
| | *Attorney for Defendant Adir* |
| | *International, LLC dba Curacao* |

### **SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing, and have authorized the filing.

DATED: March 30, 2021

                                                  /s/ *Elizabeth T. Van Horn*
                                                Elizabeth T. Van Horn
                                                *Attorney for Defendant,*
                                                *Adir International, LLC*

# **EXHIBIT A**

*AGREEMENT TO TERMS OF STIPULATION FOR PROTECTIVE ORDER*

I, _____, hereby declare that:

1. I have been advised of and have personally reviewed the terms and conditions of the Stipulation for Protective Order and Order entered in the proceeding entitled *Tawni Jones v. Adir International, LLC*, Civil Action No. 2:20-cv-10312-AB-AGR, currently pending in the United States District Court for the Central District of California, Western Division.

2. I hereby agree that I will abide by the terms of that protective order.

3. I have been advised and understand that a violation of the terms of the protective order would constitute contempt of court and may subject me to such penalties as may be ordered by the Court presiding in the above-referenced proceeding.

4. I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California, Western Division, solely for the limited purposes of enforcing the above-referenced protective order and this Agreement.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____      _____
     Dated                                                         Signature

## ORDER

The Court having considered the foregoing Stipulation for Protective Order, and good cause appearing therefor, IT IS HEREBY ORDERED that the Parties shall be bound by and must comply with its provisions.

SO ORDERED this April 2nd day of April, 2021.

*Alicia G. Rosenberg*
_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE